Good afternoon, Your Honor. Stacey Tolchin v. Ocampo-Ortiz. I would like to reserve four minutes of my time for rebuttal. Sylvia Ocampo-Ortiz was instrumental in advocating for a 2016 California legislative change to the Penal Code that allows non-citizens to seek vacatures of their convictions when they did not meaningfully understand the consequences of their pleas. The state bill, which became Penal Code 1473.7, was named Sylvia's law after Ms. Ocampo-Ortiz. In fact, she was able to benefit from this change in law when her single conviction for perjury was changed to a misdemeanor accessory offense. This change in the conviction was vital because Ms. Ocampo-Ortiz had been found to be ineligible for cancellation of removal due to the perjury offense, which was determined to be a crime involving moral turpitude. Now, unfortunately, Ms. Ocampo-Ortiz was physically removed to Mexico by DHS after the motion for post-conviction relief was filed with the criminal court, but before it was granted. And once that conviction was vacated, she moved within 90 days of being resentenced to the accessory misdemeanor to reopen her removal case. The board, however, has refused to reopen the removal order on two grounds. The first, that her physical removal prevents her from demonstrating prima facie eligibility for cancellation of removal. And the second, that she has not demonstrated that her new accessory conviction is not a crime involving moral turpitude. She now challenges the 2018 denial of the motion to reopen and the 2019 denial of the motion to reconsider. As the court is well aware, Bonilla controls this case on the issue of jurisdiction. It also controls on the issue of the merits of the motion to reopen denial. Now, the motion to reconsider and the motion to reopen were denied because Ms. Ocampo-Ortiz did not demonstrate prima facie eligibility for cancellation of removal. This is not a case where the board denied on its discretionary authority, but instead due to lack of eligibility. And just as in Bonilla, where the court held that the board erroneously found that the physical deportation disqualified Bonilla from 212C eligibility, the board here rests its two decisions on legal error. These legal errors are reviewable under section 1252A2D. Now, Bonilla also controls on the denial of the 2018 motion to reopen. The 2018 motion to reopen states, we declined to exercise our discretionary sui sponte authority to reopen, notwithstanding the evidence of hardship and post conviction relief. Cancellation of removal presumes physical presence in the United States. Since the respondent is no longer present in the United States, we are not able to cancel. My understanding is that the board is not defending that ruling. The board in its second ruling on reconsideration did not go back to that determination. And I'll ask them, but the agency here doesn't seem to be defending. Is that your understanding? I thought it was very unclear. I, you know, couldn't tell because the motion to reconsider was denied. So then the only thing we're left on with is the PC 32 accessory misdemeanor, which under, I mean, But the motion to reconsider wasn't denied on that ground. They didn't reiterate this. They did not, Your Honor. Yeah, I don't. For me, I wasn't clear, but I don't think that that is still their position. So if that is the case, then the only thing left is the PC 32 issue. And there's a number of reasons why there's legal error on that issue. The first most obvious is that under Navarro-Lopez, which is the court's en banc decision, they actually, the court says that Penal Code 32 is categorically not a crime involving moral turpitude. I think it's pretty clear it's now good law. Again, it was abrogated and then potentially reinstated. But in addition, the board mischaracterized the record. The conviction is for accessory, and the underlying felony is not identified. But even if perjury is the underlying felony, it also is not a crime involving moral turpitude any longer after this court's decision in, I believe it's in Rivera. So, and finally, the potential sentence for the conviction is a maximum of 364 days. And so there's no way that the conviction disqualifies Ms. Ocampo-Ortiz, and she has demonstrated prima facie eligibility. Given that I think there's pure legal error first from the board's first decision from 2018, if it's still the position of the agency, and the 2019 motion to reconsider, it's clear legal error on a number of grounds. For that reason, I think the court should conclude that the board erred as a matter of law and then remand the case back to the agency to properly exercise its sua sponte authority, just as in Bonilla. If there's nothing further, I'll rest and reserve my remaining time. All right. Thank you, counsel. Mr. Cochran. Now you're muted. You're muted. You're muted. My apologies, Your Honors. Can you hear me now? Yes. Yes. All right. Sorry about that. May it please the court, Todd Cochran on behalf of the acting attorney general. Could you begin by clarifying whether the agency still is of the position that she, because she was removed, she can't file this reopening motion? I read your I read the I mean, the second board opinion doesn't explicitly walk away from it, but it doesn't reaffirm it. And your brief doesn't defend it. So where are we? Well, Your Honor, as we argued in the first brief, that statement about the physical presence, that was simply, we believe, a statement that informed the board's decision making and the exercise of its discretion. Because what happened here is Ms. Ocampo-Ortiz was found removable, not for a criminal ground of removability, but as an entry without inspection. And she was then convicted of the felony perjury conviction in 2009, I believe it was. So at the time, California found it to be a serious offense. She appealed that decision. This court in 2011 or 2013, I forget which, agreed that it was a that it was a serious offense. And she was removed at that point in time. Fortunately for her, later on, as you heard from Ms. Tolchin, there was some advocacy with the California Assembly and the law was changed. But that was after Ms. Ocampo-Ortiz had been lawfully removed by the Department of Homeland Security. I thought the law was changed only with regard to giving her the authority to reopen it. And then she reopened it and was convicted of something different than what she originally had been convicted of. It wasn't that the law changed as to what she was convicted of. Well, she was able to, my understanding is, Your Honor, she was able to plead to a different offense, to a misdemeanor. Therefore, she no longer had the offense that she had earlier. Right. But yes, Your Honor, I believe that's correct. But what had happened here is in the meantime, when she was before the agency and in this court, they found that she was removable as an entry without inspection, denied her cancellation because at the time, she had a felony perjury conviction, and she was then removed. She then filed a number of motions to reopen with the agency seeking to change country circumstances, saying she was going to file that motion, but hadn't decided yet. And she was asking for the board's grace and to find an exceptional circumstance. And the board has unfettered discretion to determine if it's an exceptional circumstance, warranting the exercise of its sua sponte authority. And the board determined that it was not in this situation. Now, the board did not misapprehend its authority. It didn't think that it couldn't reopen. It didn't make a mistake in law. It just simply determined this was not an exceptional circumstance, warranting the exercise of its sua sponte authority. And so it denied the motions to reopen. So you're saying the physical presence or lack of physical presence was not seen as a barrier, but it was just one factor in its determination of exceptional circumstances? That is how the government reads that decision, Your Honor, yes. It was simply a piece of information that informed its exercise of discretion in this situation. And why should it be? And why should it be? Well, it's a valid consideration. I'm sorry, say it again, Your Honor. Why is that a valid consideration? Well, there's a number of criteria that someone has to meet for cancellation here. And it was simply noting that, you know, the government had already gone through the process of discovering Ms. Ocampo-Ortiz, who came here without inspection, putting her into immigration proceedings, DHS prosecuted her, got a removal order against her, facilitated that removal, and went through all that time and that expense to do so. And so it simply was determining, you know, is this an exceptional circumstance where we should go back on all of that? And it simply noted that, you know, she wasn't here. That's one of the things, criteria for cancellation. And she didn't, she couldn't meet that. I admit the timing is unfortunate for Ms. Ocampo-Ortiz, with her conviction being changed after she'd been removed. But that's what the board was deciding here and deciding not to exercise its sua sponte authority to reopen her proceedings. Why isn't it an exceptional circumstance when the situation changes so dramatically that the crime of which she was convicted, which was pivotal to the earlier decisions, has now been vacated? Isn't that pretty, I mean, that seems pretty exceptional to me. Well, I don't know the answer to that, Your Honor. Again, that's within the board's discretion. I will note here that Ms. Ocampo-Ortiz was not removed on the basis of the criminal conviction. She was removed on the basis of her entry without inspection, which is alleged in the NTA, and she conceded. So she was removed on that basis. And she simply was seeking relief of cancellation of removal. And at the time, she was ineligible for it because the conviction that she had at that time made her ineligible for that relief from removal. But why isn't it in the course of this sua sponte discussion where it says that, where the board says, that the applicant doesn't qualify relief unless she establishes that the offense described in 23782. And they say, she has not demonstrated that her conviction for excessive sedentary defamatory burglary is not a crime involving moral interpreters. Therefore, sua sponte reopening is not warranted because she hasn't shown that she's probationally eligible. So if that's a legal error, then we should reverse, right? We should grant the petition. Well, isn't it a legal error? I don't, I don't believe it is a legal error. Your honor. At the time she was removable for the one eight CP one 18 PC one 18. And then the non-proton convictions, your honor, I think is bringing up the accessory conviction. You know, our position in the briefing was that she didn't raise that before the board. So the board, she didn't prove that she was would be eligible there. So for that sort of relief. I'm not sure if I can see your honor's question. Whether her new, whether her new conviction was an aggravated felony. I'm sorry. Say that again, your honor. Raised before the board, whether her new conviction. Would bar her from cancellation removal. Isn't the central thing. I believe she, I believe she raised that the Rivera case for 2016. I believe she raised it in her motion to reopen. And then when they were motion to reconsider, Which the purpose of which is to re-evaluate an error. In fact, Or law that the board in this previous decision is okay. But he's did not raise. Decided it. And we have lots of law that says. I don't know if she raised her or not. I haven't gone back for that, but it doesn't matter because the board. Defensively decided. And that was a basis for the decision. And they made a mistake. If they made a mistake, it doesn't matter whether she raised it. Well, your honor is correct. Of course. If the board, if the court decided, the board sufficiently raised that issue. And the legal error. In that analysis. And page three of the record. About exactly that. The board's opinion. On page three of the record. Expressly expressly reject her argument. She says. They say we are not persuaded by respondents argument. But the not put on change in her conviction. So it was obviously raised. They dealt with it on the merits. So the question is then again, if that is an error in law, does the case need to go back to the agency? Is that my correct? I'm not sure why it took us this long to get to this point. I mean, yes, it's here. It was decided. The question is, was they wrong? And as far as I can tell, they were quite wrong for. Some and probably all of the reasons of this. Colton said. It does. She wasn't convicted of. In terms of. Being an accessory after the fact of perjuring. She wasn't convicted of anything that had a sentence of more than. A year. She was. There's there's a state. A case that seems to say that this is not. An aggravated felony. And there was a fourth reason as well, which I'm not remembering, but was equally persuasive. And you haven't really responded to any of them. Yes, that's correct. Your honor. We the government determined that we thought that she did not sufficiently raise that issues. We argued a failure to exhaust. Demonstrates they say she did. This is her argument, but we don't agree with it. So. We went to remand. With the. Board B. Considering whether to cancel her removal. Under the proper. Legal framework. Is that what would happen next? Is that what. Procedurally. Yeah, I believe so. She would go back and be able to then. Apply for cancellation of removal. Yes, your honor. And all of this, the motions to reopen. All of this has been. From her perspective, just to get to that point. I believe so. Yes, you'd have to ask Ms. Had to be certain. Okay. All right. Well, is there anything else you wish to add? Nothing else. Your honor. Thank you. Thank you so much. Ms. You have a couple of minutes. Thank you, your honor. Just a couple of points on the, the raising issue, obviously it was addressed by the board, the conviction issue in the 2019 decision. I do want to point out that the motion to reconsider was filed because there was no basis for the first decision, which was only on the physical departure. So the issue of the accessory conviction is raised very thoroughly in the motion to reopen. And then it's not raised in the motion to reconsider because it was irrelevant for emotion to reconsider since it's not mentioned by the board in 2018. But in additionally, I also wanted to just know the court's decision in Cardoso tall second, which is at four 60 Feb 3rd, 1102. That addresses a case very similar to this involving emotion to reopen filed by somebody who was had entered without inspection, but was disqualified for relief because of the conviction. The conviction was vacated as legally invalid. And so the court finds that even though they were not ordered deported for that conviction, it was a key part to the proceeding. And then therefore the departure can not matter. And I believe if there's nothing further, your honors, I will rest with that. All right. Thank you very much. Counsel. Ocampo Ortiz versus Wilkinson is submitted. And we will take a gun blue versus Wilkinson.
judges: Wardlaw, Berzon, Chen